Rockingham,
No. 5740.

ARTHUR DIXON *& a.*

*v.*

CHARLES F. WHITTEMORE *& a.*

Argued April 4, 1968.
Decided May 29, 1968.

*Shaines, Madrigan & McEachern ( Mr. Paul McEachern* orally ), for the plaintiffs.

*George S. Pappagianis,* Attorney General and *John T. Pappas,* Attorney ( *Mr. Pappas* orally ), for the defendants.

GRIFFITH, J. Petition for writ of habeas corpus brought by Arthur Dixon and Shirley Dixon against Charles F. Whittemore, Commissioner of Health and Welfare and Lee Kilburn, Child Welfare Worker. The petition alleges that the Division of Welfare of the State of New Hampshire obtained custody of four minor children of the plaintiffs by order of the Portsmouth district court and that the Portsmouth district court was without jurisdiction to make such an order. Transferred without ruling on an agreed statement of facts by *Morris, J.*

Arthur and Shirley Dixon were the parents of eight children aged one through twelve. Two of the children, Joseph ( 9 ) and Arthur ( 12 ), who are not involved in these proceedings, had been found to be delinquent children in May of 1967 and have been in the custody of the Division of Welfare since that date. A third child, William ( 11 ), has been living with his maternal grandmother in Rhode Island since August, 1967.

On November 11, 1967 the Dixons lived at 83 Russell Street in Portsmouth, New Hampshire with Richard ( 8 ), Robin ( 5 ), Sandra ( 4 ), David ( 2 ), and Darral ( 11 months ). On that date their house was destroyed by fire at a time when the five children were alone in the house. David perished in the fire and Darral sustained injuries requiring his hospitalization in the Portsmouth Hospital.

On November 14, 1967 a petition was filed in the Portsmouth district court alleging that William, Richard, Robin, Sandra and Darral Dixon were neglected children in that they were "living in an unfit home without proper parental care in that their parents fail to provide proper subsistence, medical care and other care necessary for their health, morals, and well being." This petition was signed by defendant Lee Kilburn, a case worker for the Division of Welfare. An order of notice was issued by the Portsmouth district -court on November 15, 1967 directed to Arthur and Shirley Dixon. No return of service was made on this notice which set November 20, 1967 as the date of hearing.

Following the fire the Dixons sent Richard to Rhode Island on November 15, 1967 and on November 17, 1967 moved to 53 Main Street, South Berwick, Maine, with Robin and Sandra. It is agreed that they were residents of Portsmouth, New Hampshire until November 17, 1967 and have been residents of South Berwick, Maine since that date.

On November 22, 1967 the Dixons received a letter from Lee Kilburn notifying them that there would be a hearing on the Division of Welfare's petition for custody of Darral ( the child in the Portsmouth Hopsital ) on November 27, 1967. No mention was made in this letter that the petition also concerned the custody of William, Richard, Robin and Sandra. The Dixons appeared at the hearing with counsel and counsel there accepted service of the petition which named the five children. Temporary custody of the five-named children was awarded to the Division of Welfare, pending investigation by the Probation Department. A motion to strike the acceptance of service made subsequent to the temporary award of custody was denied. All five children are presently in the custody of the Division of Welfare, four of them having been delivered from outside of the State to the defendants by the plaintiffs.

The plaintiffs agree that the Portsmouth district court had jurisdiction in the case of Darral and the defendants agree that the

district court was without jurisdiction of William. We are concerned solely therefore, with the jurisdiction of the Portsmouth district court to order the plaintiffs to deliver Richard, Robin and Sandra to the Division of Welfare's custody.

The plaintiffs' claim is that because they have taken up residence in Maine and removed the three children from New Hampshire, this State has lost jurisdiction, even though the plaintiffs were personally before a New Hampshire court when the order was entered. The plaintiffs claim that their appearance in New Hampshire was for the sole purpose of protecting the custody of Darral, the child in New Hampshire, and the acceptance of service of the petition covering all five children and participation in a hearing on custody of the five children does not confer jurisdiction where none existed.

The three children and the plaintiffs were residents of New Hampshire until November 17, 1967. The charge of neglect of the five children was filed in the Portsmouth district court on November 14, 1967, under RSA ch. 169. This charge was filed on a date when both the plaintiffs and the children were residents of New Hampshire and related to conduct in New Hampshire prior to that date. This State, therefore, had jurisdiction. *In re Poulin,* 100 N. H. 458.

RSA 169:10 gives the court broad discretionary powers to either place the neglected children in the custody of the Division of Welfare or permit the children to remain in their own home under supervision. This section contemplates a continuity of jurisdiction by the court in which the action is initiated, a result both desirable and necessary if the State is to properly assume the position of *parens patriae* to protect children from neglect occurring within its borders. See *In re Perham,* 104 N. H. 276; *Sheehy* v. *Sheehy,* 88 N. H. 223.

*Petition dismissed.*

All concurred.